## NO AUTHORITY TO ENFORCE A CRIMINAL JUDGMENT ALTHOUGH DECLARED VALID.

Common Pleas Court of Hamilton County.

### Ex Parte Joseph Rhein.

Decided October, 1926.

*Criminal Law—Conviction Affirmed and Execution of Sentence Ordered—But There Is No Police Justice Now to Execute It.*

A former village mayor, acting as police justice, found the relator guilty of possession of intoxicating liquor and imposed a fine. The common pleas court affirmed the conviction and remanded the case to the present mayor for execution, and in default of payment the relator was committed to jail. Subsequent to the conviction, the Supreme Court declared unconstitutional the office of police justice in villages. On petition for habeas corpus:

*Held*: That the officiating officer was without authority to issue the commitment, and the sheriff was therefore without authority to continue to hold relator in jail.

*Joseph C. Bird,* attorney for relator.

STRUBLE, J.

The relator, Joseph Rhein, is here by writ of habeas corpus claiming that he is unlawfully restrained of his liberty by the sheriff of Hamilton county, by whom he is held in the county jail by authority of a commitment executed by Albert Cutter, mayor of the village of Loveland, Ohio.

It appears that the relator was convicted of the unlawful possession of intoxicating liquors and a fine imposed by one Harry Miller, at the time police justice of the village of Loveland.

To secure a reversal of this conviction the relator prosecuted error to the common pleas court, and pending the decision on the error proceedings relator was at liberty on bond. The common pleas court affirmed the conviction of relator and remanded the cause to the mayor of Loveland, with directions that he proceed with the execution of the judgment.

In compliance with the instructions of the common pleas court, the mayor of Loveland caused the arrest of the

relator, and in default of the payment of the fine committed the relator to the county jail.

While relator's case was pending in the common pleas court on proceedings in error, quo warranto proceedings were instituted in the Supreme Court of Ohio against Harry Miller, police justice, wherein it was charged that the office of police justice in villages was an unconstitutional office. The Supreme Court of Ohio held that this contention was correct, on the ground that the law under which councils of villages acted in establishing police justices was unconstitutional.

As a result of this decision the office of police justice of Loveland was abolished and the right of Miller to function further terminated, yet the law is settled that Miller was a *de facto* judge while acting as police justice of Loveland, and the judgments he rendered are valid and not subject to attack in a collateral proceeding such as this habeas corpus proceeding is.

The judgment or conviction of relator being valid, the question is what court—or to be specific and to attend to only the matter before this court—the question is whether the mayor of Loveland can carry into execution a judgment against the relator on the authority of the common pleas court. The court's conclusion is that the mayor of Loveland has no authority in the matter, and that the commitment issued by him to the sheriff of Hamilton county is void.

Section 13702, G. C., provides as follows:

"If no petition in error is filed, or leave to file a petition in error is refused, or the judgment of the trial court is affirmed, such trial court, magistrate, mayor or other officer, shall carry into execution the sentence or judgment which had been pronounced against the accused."

By the clear language of this section the trial court is to carry into execution the sentence or judgment which has been pronounced against the accused. Upon the affirmance of the judgment against the relator, the common pleas court remanded the cause to the mayor of Loveland,

but the mayor of Loveland was not the trial court, and there is no provision of the statute giving him any power in the matter.

The office of mayor and that of police justice are entirely separate offices; entirely separate courts; and it is not provided anywhere in the statutes that a mayor of a village in which there was a police justice is to succeed to the duties of the police justice in the event his office is discontinued. The mayors of villages have only such jurisdiction, power and authority as is given them by the General Assembly of Ohio.

Article IV, Section 18, of the Constitution of Ohio, provides that—

"The several judges of the supreme court, of the common pleas, and of such other courts as may be created, shall respectively, have and exercise such power and jurisdiction, at chambers, or otherwise as may be directed by law."

There appears to be no statute authorizing the common pleas court, in a situation such as we have before us, to delegate to the mayor of a village authority to carry into execution a judgment of a police justice of such village.

It must be noted that the original cause against the relator was entitled *State of Ohio* v. *Relator,* and the judgment against him was in favor of the state of Ohio. The fine, if collected, would go to the state, except possibly in a distribution the village would get a portion of the fine; but, however this may be, the point is that the judgment is in favor of the state and not the village of Loveland.

The court's conclusion is that the commitment by the mayor of Loveland, under which the sheriff is holding the relator, is void and no authority exists for the sheriff to further hold the relator in jail.